966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raphael ONWUBUEMELI, Plaintiff-Appellant,
v.
UNIVERSITY OF MICHIGAN, Phillip Howrey; Mary Braun; John
D'Arms; James Jackson; Joel J. Allen;
Defendants-Appellees,
Richard R. Porter, Defendant.
 No. 92-1181.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1992.
 
 Before BOYCE F. MARTIN, Jr., and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Raphael Onwubuemeli appeals the district court's order granting summary judgment for the defendants. Plaintiff filed suit under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff claimed that the defendants, who are the University of Michigan and certain of its employees, conspired to discriminate against him because he is black and Nigerian, and to deprive him of the opportunity to complete the economics Ph.D. program. Specifically, he alleged that defendants Braun and Howrey submitted information to the financial aid office stating that plaintiff had not made the stipulated minimum progress toward completing his degree and was not qualified to continue receiving financial aid. Based on this false information, plaintiff alleged he was denied the fellowship award for which he was fully qualified for the 1987 fall term. He subsequently filed a grievance with the university provost. Defendant D'Arms then notified plaintiff that he would receive a stipend of $750.00 per month for eight months. He alleged that this was inadequate to support his fundamental needs and, as a result, he went into debt. He alleged further financial aid troubles, culminating in termination of aid and dismissal from his Ph.D. program on the grounds that he did not pass the two required preliminary examinations to maintain minimal acceptable progress.
 
 
 3
 He further alleged that the University has a policy of discrimination on the basis of race and national origin. He also alleged violation of the Michigan Elliott-Larsen Civil Rights Act, Mich.Comp.Laws § 37.2101, for discrimination and conspiracy. He requested damages and injunctive relief.
 
 
 4
 The district court granted summary judgment for the defendants, deciding that there was no evidence of discrimination, and that his claim that defendants failed to timely respond to his discovery requests was meritless.
 
 
 5
 On appeal, plaintiff argues: 1) that the district court should have granted his motion for enlargement of time regarding his response to defendants' motion for summary judgment; 2) that the district court should have granted his request for completion of discovery; 3) that the district court should not have dismissed his complaint on all counts on the grounds that he did not present evidence of the claim of racial discrimination; and 4) that the district court should have waited for plaintiff's complete response before granting summary judgment for the defendants.
 
 
 6
 The district court can grant summary judgment to the defendants where the record shows that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Upon consideration, we conclude that the district court correctly granted summary judgment for the defendants in this case. Accordingly, for the reasons stated in its memorandum opinion and order entered January 9, 1992, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.